**BLUE INVESTMENT COMPANY, a Missouri Corporation, Respondent,**

v.

**CITY OF RAYTOWN, a Municipal Corporation, Appellant.**

No. 56180.

Supreme Court of Missouri, Division No. 1.

March 13, 1972.

Motion for Rehearing or to Transfer to Court En Banc Denied April 10, 1972.

John H. Foard, Kansas City, for respondent.

Richard T. Cole, Raytown, for appellant.

LAURANCE M. HYDE, Special Commissioner.

Plaintiff, owner of apartment buildings, sued for $3,666.25 paid under protest to defendant, the City of Raytown. Payment was made because City refused to issue a permit to plaintiff to build additional apartments until this amount claimed due for sewer charges for plaintiff's existing apartments was paid. Plaintiff alleged the ordinance fixing these charges discriminated against them in violation of Article I, § 10 and Article X, § 3 of the constitution of this state, V.A.M.S. and in violation of the due process and equal protection clauses of the 14th Amendment to the Constitution of the United States. The court found the ordinance void and unconstitutional on these grounds and entered judgment for plaintiff for the amount claimed. City has appealed. We affirm.

The material part of the ordinance adopted in 1964 provided sewer charges as follows:

"(a) For each single family residence or other residential unit of any kind used and occupied solely as a residence and served by a single water meter and located within the corporate limits of the City, the sum of $2.50 per month.

(b) For each multiple family residence, duplex, and apartment located within the corporate limits of the City, the sum of $2.50 per family unit per month.

(c) For churches, schools, hotels, motels, filling stations and business, commercial and industrial properties, a charge was made based upon the quantity of water used on each premises."

The amount plaintiff sought to recover was for charges paid before November 1, 1965. The city collector, Mrs. Estep, testified that from February 1, 1964 to November 1, 1966 residences were not charged a sewer use fee when the houses were not occupied but apartments were charged the fee per unit whether they were empty or full. The collector was notified by the water company when residences became vacant. No charge was made for a vacant house but a charge was made for all apartments whether occupied or vacant. Plaintiff stopped payments in November, 1965. The ordinance was repealed and a new ordinance enacted November 1, 1966. The new ordinance provided for a sewer use charge on apartments based on water consumption at the same rate as charged for hotel, motel, business, commercial and industrial properties. Since the effective date of that ordinance, plaintiff has paid all charges.

The evidence showed that plaintiff's apartments had meters for separate buildings but not for each apartment. City now on its appeal claims the language of the ordinance properly construed did not exempt vacant residences and was erroneously so construed by the city clerk. City says the words "used and occupied solely as a residence" were only descriptive to describe the type of unit being charged. However, at the trial City took the position that vacant houses were exempted. City sought to show by an affidavit of the city clerk presented at the hearing on the motion for new trial that the ordinance properly construed did not exempt vacant houses and that she was mistaken as to its meaning. Certainly City construed and enforced the ordinance on such a discriminatory basis. It is an "established rule that the interpretation of an ambiguous constitutional or statutory provision by legislative bodies and by administrative, executive, and other public officials will be given serious consideration in determining the meaning thereof." State ex inf. Anderson v. St. Louis County, Mo.Sup. en Banc, 421 S.W.2d 249, 254; Three River Junior College Dist. v. Statler, Mo.Sup. en Banc, 421 S.W.2d 235, 243; City of Joplin v. Joplin Water Works Co., Mo.Sup., 386 S.W. 2d 369, 375.

The Court found: "[S]aid ordinance inequitably and unreasonably discriminated against the owners of apartments and apartment family units, and in favor of owners of single family residences, in that the ordinance levies a charge only upon single family residences which are used and occupied, whereas it levies a charge upon apartment family units regardless of whether or not the units are occupied, and whether or not water and other materials are placed in the sewer therefrom; * * *." As the City construed and enforced the ordinance this finding certainly was correct.

Furthermore, the court also found the questioned ordinance did unreasonably discriminate against owners of apartment units and in favor of hotels, motels, filling stations and business and commercial properties, which as noted were charged only on the basis of the amount of water used. City has not made any claim in its brief (although it stated such a ground in its motion for new trial) as to error in the court's finding as to discrimination in favor of hotels, motels, filling stations, business and commercial properties and in any event that is a sufficient reason for affirming the judgment.

The new ordinance now has removed the basis for discrimination against apartment owners as applied to either home owners or owners of hotels, motels or other kinds of business by charging apartment owners on the basis of water used.

The judgment is affirmed.

PER CURIAM:

The foregoing opinion by LAURANCE M. HYDE, Special Commissioner, is adopted as the opinion of the court.

HOLMAN, P. J., SEILER, J., and PRITCHARD, Special Judge, concur.

BARDGETT, J., not sitting.